## SILVEIRA v. REESE.

### L. A. No. 1273; February 4, 1903.

71 Pac. 515.

**Partnership.**—The Loaning of Money by a Partner to the Firm does not change the original contract of partnership.

**Appeal.**—That a Specification as to the Insufficiency of Evidence may avail, it must be directed to a material finding of fact, and it must be clearly shown that there is no substantial testimony to sustain the finding. If there is, the credibility of witnesses, and the weight to be given their testimony, will not be considered.

**Partnership.**—Refusal to Appoint a Receiver in an Action for Dissolution of a partnership and an accounting is in the sound discretion of the trial court.

APPEAL from Superior Court, Los Angeles County; Lucien Shaw, Judge.

Action by John Silveira against A. D. Reese. From the judgment plaintiff appeals. Affirmed.

Hester & Ladd for appellant; E. E. Powers for respondent.

COOPER, C.—The plaintiff and defendant were partners in the manufacturing of bricks. This action was brought to obtain a dissolution of the partnership, and a settlement of the partnership accounts. The case was tried before the court, findings filed, the accounts settled, and the judgment ordered and entered dissolving the partnership as prayed. The plaintiff made a motion for a new trial, which was denied, and this appeal is from the judgment and order denying the motion for a new trial.

The appellant contends that the evidence is insufficient to sustain the findings in many respects, but we do not deem it necessary here to follow counsel through all the various specifications of insufficiency. We have carefully examined the evidence, and find it sufficient as to all material findings.

The first specification argued is that the evidence does not sustain the finding "that defendant did not agree after the original contract of partnership to advance money to carry on the business." The defendant testified: "I never promised and agreed to put in $1,000 after the original $500 put

into the business by me was exhausted. . . . . I did not agree to furnish the said firm with all the money necessary to carry on the business.'' The evidence shows that the partnership continued under the original contract. The various conversations between the parties as to the necessity for more money to carry on the business, and the fact that defendant loaned the partnership money to carry on the business, did not change the original contract of partnership.

It is specified that the evidence does not sustain the finding ''That appellant and respondent had a settlement of their partnership accounts at the time the first kiln was burned.'' By looking at the record, we do not discover any such finding. The finding is: ''At the time that the said kiln of 110,000 bricks was burned, the said plaintiff and defendant had a settlement as to money advanced by the said defendant for the said partnership, and it was then ascertained and agreed that the defendant had advanced for and on behalf of the plaintiff the sum of $234.87.'' The defendant testified: ''I had loaned or advanced to him [the plaintiff] the sum of $234.87, and on that day I went to see him, and wrote out a promissory note for the amount, bearing interest at the rate of eight per cent per annum, and read and explained it to the plaintiff and his wife, who was present, and he signed it in my presence, and the note has not been paid.'' And in regard to the same transaction the plaintiff testified: ''Defendant came to my house, and we had a settlement of all our accounts up to that time. It then appeared that defendant had advanced a considerable amount of money more than I had. He then had me to sign a paper which he said represented the interest I was to pay him on his advances.'' It is claimed that the evidence is insufficient to justify the finding that defendant laid out and expended $230.56 for wood used in making bricks, and that only part of the wood was used in making bricks. The defendant did testify that he bought thirty cords of wood, and that he used ten cords in burning the kiln, and sold the remaining twenty cords. It does not appear how much per cord the wood cost, nor how much the twenty cords were sold for. Neither does it appear that the partnership was charged with the twenty cords. The defendant testified that he paid ''$230.56 for wood partly used in burning the same; that all the said sums of money were paid,

laid out and expended in putting the said kiln in condition to be burned, and in burning the same, and in putting the bricks in condition to be put on the market for sale, and the said expenditures were all necessary for that purpose; that I have never been paid or received anything for and on account of the money paid out by me, or on said promissory note, save and except the sum as follows: $140.20 for bricks sold, and hay, horses, or barley sold, and the proceeds retained by me.'' The court found and charged the defendant with this $140.20. We think that the finding, while somewhat indefinite as to the item for wood, is supported by this evidence. While defendant testified that the wood for which he paid $230.56 was partly used in burning the kiln, at the same time he says that said sum was used and expended in putting the kiln in condition to be burned, and in burning the same. He further says positively that the $140.20 is all that he has received for sales of property.

The above is sufficient to show the character and want of merit as to the specifications. Specifications as to the insufficiency of evidence must be directed to material findings of fact. It must also be clearly shown that there is no substantial testimony to sustain the finding objected to. We do not attempt to pass upon the credibility of witnesses, or the weight to be given to their evidence in case of substantial conflict. The question as to insufficiency of evidence to sustain findings is urged in so many cases, and takes up so much of the time of this court, that the attention of the bar should be called to the necessity of care in urging such questions. This suggestion, if adhered to, would save this court much time and labor, and enable it to give its attention to other business.

It is finally claimed that the court failed to find upon the issue as to whether or not the 210,000 kiln of bricks was injured by the unskillful firing of the same by defendant. If it be conceded that, where two persons engage in the business of manufacturing bricks as partners, one could recover damages against the other for negligence or want of skill in the manufacture thereof by the other, we are of the opinion that the court found upon the issue. The allegation of the complaint shows that the negligence relied upon was the firing of the kiln with oil instead of wood, and that ''plaintiff then refused to consent to the use thereof in firing said kiln.'' The court found that ''it is not true that the plaintiff re-

fused to consent to the use of oil in the firing and burning of said kilns,'' and in regard to the use of oil in firing the said kilns the court found that it is not true ''that the market value of said brick was greatly damaged or depreciated thereby, or that the said firm lost $165 thereby, or any other sum.''

It was not error, under the circumstances, for the court to refuse to appoint a receiver. That rested in the sound discretion of the court below, and we see no abuse of such discretion.

We advise that the judgment and order be affirmed.

We concur: Haynes, C.; Gray, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are affirmed.